JOURNAL ENTRY AND OPINION
Petitioner Larry Stewart appeals from the denial of his petition for post-conviction relief. For the reasons set forth below, we affirm.
On June 27, 1996, petitioner and co-defendant William Logan were jointly indicted for two counts of aggravated murder (one count alleged prior calculation and design and the second alleged felony murder), with firearm, mass murder and felony murder specifications, one count of attempted murder with firearm specifications, two counts of aggravated robbery with firearm specifications, and two counts of kidnapping with firearm specifications. As the state proceeded with its proof, it indicated that it would be dismissing the count of aggravated murder which alleged prior calculation and design.
Petitioner was convicted of all counts and the specifications. He was sentenced to thirty years to life imprisonment on the aggravated murder charge and consecutive terms of imprisonment on the remaining charges. Petitioner's conviction was affirmed upon direct appeal to this court. See State v. Stewart (November 19, 1998), Cuyahoga App. No. 73255, unreported.
On June 8, 1998, petitioner filed a petition to vacate his sentence pursuant to R.C. 2953.21. He asserted that he was denied effective representation and the right to be indicted by a grand jury because the grand jury originally indicted him "under the theory of aiding and abetting" and the state later tried him as "the triggerman" or principal offender. Petitioner additionally claimed that the prosecuting attorney committed misconduct because he presented evidence that the shootings occurred during a child's birthday party and this evidence was false and calculated to inflame the jury. According to petitioner, drugs were present at the scene of the shootings. The trial court subsequently denied the petition. Petitioner now appeals and assigns five errors for our review.
Defendant's first and second assignments of error are inter-related and state:
 THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO AMEND THE INDICTMENT, DENYING APPELLANT DUE PROCESS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING APPELLANT TO BE HELD TO ANSWER AND CONVICTED OF FACTS NOT FOUND BY A GRAND JURY, PURSUANT TO CRIM.R. 7(D), DENYING APPELLANT OF DUE PROCESS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Within this assignment of error, petitioner maintains that the trial court was without jurisdiction because the grand jury indicted him upon evidence that he was an aider and abettor and the state's evidence at trial indicated that he was a principal offender.
Petitions for post conviction relief are governed by R.C.2953.21 et seq. A petitioner will be entitled to relief only if "the court finds that there was such a denial or infringement of the rights of the prisoner as to render his conviction void or voidable under the Ohio Constitution or the United States Constitution." State v. Perry (1967), 10 Ohio St.2d 175, paragraph four of the syllabus. Claims raised pursuant to this statute must not raise issues which were raised or could have been raised on appeal. Id., 180-181, paragraph nine of the syllabus.
In this matter, it appears that shortly after the shootings, co-defendant William Logan made a statement to police in which he indicated that he shot the man who was in front of him in the hallway of the apartment. Logan stated that petitioner shot his weapon twice, but Logan did not indicate that petitioner had struck anyone. At trial, the state's evidence indicated that petitioner shot and killed Mark Turner and also shot Nathan Bell.
We note, however, that both men were indicted as principal offenders; neither was charged as an accomplice. The indictment was therefore not amended. Further, pursuant to R.C. 2923.03(F), a charge of complicity may be stated in terms of this section or in terms of the principal offense. Pursuant to Crim.R. 7(D), the trial court may, at any time before, during or after trial, amend the indictment provided no change is made in the name or identity of the crime charged.
Moreover, petitioner's defense at trial "was that of alibi; he stated he was with Nicole Garrett * * * on the night of the incident." See State v. Stewart, supra. We therefore conclude that any uncertainty regarding the state's evidence as to petitioner's conduct at the time of the shootings was not prejudicial.
Finally, any discrepancy in the state's pretrial and trial assertions regarding petitioner's conduct could have been raised upon direct appeal and are therefore barred by the doctrine of res judicata.
The first and second assignments of error are without merit.
Petitioner's third assignment of error states:
 APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN THEIR FAILURE TO RECOGNIZE AND OBJECT TO THE AMENDMENT DENYING APPELLANT OF HIS RIGHTS TO THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Petitioner next maintains that his trial attorneys were ineffective in failing to object to the amendments to the indictment.
As we have determined that the indictment was not amended, as was set forth in this court's discussion of the first assignment of error, this claim of ineffective assistance must likewise fail. State v. Henderson (1988), 39 Ohio St.3d 24, 33.
Petitioner's fourth assignment of error states:
 THE TRIAL COURT ERRED IN DENYING APPELLANT AN EVIDENTIARY HEARING, DEPRIVING HIM OF DUE PROCESS FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Petitioner contends that the trial court erred in failing to conduct an evidentiary hearing on his petition to vacate his sentence.
R.C. 2953.21(C) provides in relevant part as follows:
 Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.
Thus, a criminal defendant seeking to challenge his conviction through a petition for post conviction relief is not automatically entitled to a hearing; the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the claimed error. State v. Jackson (1980),64 Ohio St.2d 107.
In this matter, petitioner failed to submit sufficient operative facts to demonstrate that his conviction is void or voidable under the Ohio or United States Constitutions. Cf. State v. Perry (1967), 10 Ohio St.2d 175, paragraph four of the syllabus. The trial court therefore properly denied the petition without a hearing.
This assignment of error is without merit.
Petitioner's fifth assignment of error states:
 THE TRIAL COURT ERRED IN ADOPTING VERBATIM THE STATES MEMORANDUM CONTRA, DENYING APPELLANT OF DUE PROCESS FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Within this assignment of error, petitioner contends that the trial court simply adopted the proposed findings of fact and conclusions of law submitted by the state.
A petition for post-conviction relief is a civil proceeding. State v. Milanovich (1975), 42 Ohio St.2d 46, 49. The trial court is therefore required to render findings of fact and conclusions of law. State v. Mapson (1982), 1 Ohio St.3d 217, 218. Pursuant to Civ.R. 52, the trial court may have any or all of the parties submit proposed findings of fact and conclusions of law. In the absence of demonstrated prejudice, it is not erroneous for the trial court to adopt, in verbatim form, findings of fact and conclusions of law which are submitted by the state. State v. Powell (1993), 90 Ohio App.3d 260, 263; State v. Sowell (1991),73 Ohio App.3d 672, 676; State v. Peek (April 18, 1996), Cuyahoga App. No. 69546, unreported.
In this matter, petitioner has failed to demonstrate prejudice. Moreover, the findings of fact and conclusions of law as adopted by the trial court correctly reflect that petitioner failed to set forth facts sufficient to show substantial grounds for relief. In accordance with the foregoing, petitioner's fifth assignment of error is without merit.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE
PATTON, J., AND SWEENEY, J., CONCUR.